**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000454
13-DEC-2011
10:21 AM**

NO. CAAP-11-0000454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

P. DENISE LaCOSTA,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
MICHAEL MOORE and HAWAIIAN BUNGALOWS, LLC,
Defendants/Counterclaim-Plaintiffs/Appellants,
and
JOHN DOES 1-20, JANE DOES 1-20, et al.,
Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(DC-CIVIL NO. 09-1-2199)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendants/Counterclaim-Plaintiffs/Appellants Michael Moore (Appellant Moore) and Hawaiian Bungalows, LLC (Appellant Hawaiian Bungalows), have asserted from the Honorable Kelsey T. Kawano's May 10, 2011 "Findings of Fact, Conclusions of Law and Order" (the May 10,

2011 FOF/COL/ Order), because the May 10, 2011 FOF/COL/Order is not an appealable final order under Hawaiʻi Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2010).

> Pursuant to HRS § 641-1(a),
>
> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). In district court cases, Rule 58 of the District Court Rules of Civil Procedure (DCRCP),

> in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in Jenkins [v. Cades Schutte Fleming & Wright, 76, Hawaiʻi 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi at 427, 984 P.2d at 1253 (emphasis added).

The May 10, 2011 FOF/COL/Order resolves all of the claims in Plaintiff/Counterclaim-Defendant/Appellee P. Denise La Costa's amended complaint, but the May 10, 2011 FOF/COL/Order does not resolve Appellant Moore and Appellant Hawaiian Bungalows' counterclaims. Consequently, the May 10, 2011 FOF/COL/Order does not end the litigation. The district court has yet to enter an order that fully decides the rights and

liabilities of all parties by resolving Appellant Moore and Appellant Hawaiian Bungalows' counterclaims, which are still pending before the district court. Absent an appealable final order, we lack jurisdiction over appellate court case number CAAP-11-0000454, and this appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000454 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 13, 2011.

Chief Judge

Associate Judge

Associate Judge